```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Leo Contrera                                    CV-06-0330 (CPS)
                    Petitioner,

    - against -                                 MEMORANDUM OPINION
                                                AND ORDER
United States of America,

                    Respondent.

----------------------------------------X
```

SIFTON, Senior Judge.

Petitioner, Leo Contrera, brings this pro se habeas petition pursuant to 28 U.S.C. §2255 to challenge his conviction on the ground that his sentence is invalid under *United States v. Booker*, 543 U.S. 220 (2005). Because petitioner previously filed an unsuccessful §2255 motion to challenge this same conviction, this petition is "second or successive" and is therefore transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. §2244(b)(3)(A).

## BACKGROUND

The factual and procedural background of this case is set forth in my previous opinion addressing Contrera's first habeas petition. *Contrera v. United States*, No. 06-0330, slip op. (E.D.N.Y. Sept. 27, 2001). Accordingly, I recount only those facts necessary for the disposition of the present issue.

After a fifteen week trial in the fall of 1995 petitioner was convicted of arson, in violation of 18 U.S.C. § 844(I) (count

7), murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (count 8), using and carrying a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c) (count 10), and engaging in a narcotics distribution conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(I) & (iii) (count 47). He was subsequently sentenced to two concurrent terms of life imprisonment and a consecutive five year term.

Thereafter, petitioner brought his first habeas petition pursuant to 18 U.S.C. §2255 claiming that (1) he was denied effective assistance of counsel; (2) 18 U.S.C. § 1959 had been applied to him in an unconstitutional manner and this Court lacked jurisdiction to try and sentence petitioner; (3) the prosecution engaged in prosecutorial misconduct by vouching for the credibility of the its witnesses during summation; (4) the prosecution made prejudicial and inflammatory remarks throughout the trial; (5) there was insufficient evidence to sustain petitioner’s conviction on count 47; (6) the testimony given by key prosecution witnesses was in violation of 18 U.S.C. § 201(c)(3); (7) the prosecution improperly retaliated against petitioner for exercising his right to stand trial; and (8) his sentence was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the Court, rather than the jury, determined the quantity of drugs at issue.

By Memorandum Opinion and Order dated September 27, 2001 I denied Contrera's petition.

On January 26, 2006 petitioner filed the instant petition challenging his conviction on the ground that his sentence is invalid under *United States v. Booker*, 543 U.S. 220 (2005).

DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a district court's jurisdiction over "second or successive" habeas corpus applications. *See* 28 U.S.C. § 2244(b). Although the AEDPA does not define the phrase "second or successive," *See James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002), the Second Circuit has held that a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States,* 390 F.3d 200, 202 (2004) (per curiam) (citing *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir.1998)); *see also Vasquez v. Parrott,* 318 F.3d 387, 390 (2d Cir.2003) (to be considered "successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction").

Contrera's present petition seeks to challenge his 1995 conviction pursuant to 18 U.S.C. §2255. Because Contrera filed a previous §2255 petition seeking to challenge the same conviction,

and that petition was denied on the merits, his current §2255 petition is "second or successive."

28 U.S.C. §2244(b) sets forth the requirements for bringing a second or successive § 2254 petition. This subsection provides, *inter alia,* that "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby,* 125 S.Ct. 2641, 2646 (2005) (citing 28 U.S.C. § 2244(b)(3)). Since petitioner has not obtained such an order from the Second Circuit, this Court cannot consider the instant petition. However, in accordance with the procedure set forth in *Liriano,* 95 F.3d 119, 123 (2d Cir. 1996), Contrera's petition is not dismissed, but is transferred to the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is hereby directed to transfer this petition to the United States Court of Appeals for the Second Circuit. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

The Clerk is directed to transmit a filed copy of the within to the parties.

SO ORDERED.

Dated :   Brooklyn, New York
          July 6, 2006

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                        United States District Judge